# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS


December 22, 1952

Hon. John Henry Minton        Opinion No. V-1561
District Attorney
First Judicial District    Re: Legality of a 5% statutory
Hemphill, Texas                commission for the county
                               treasurer, upon authoriza-
                               tion by the commissioners'
                               court, on funds received
                               from the Federal government
                               for national forest acreage
                               and paid out to school dis-
Dear Sir:                      tricts.

        You have requested an opinion on the following
question:

        "Is the Commissioners' Court of Sabine
County, a county in which are located United
States National Forest acreage, entitled to
charge against the school districts having
forest lands in their area and retain for
the county a five per cent (5%) commission
on the fifty per cent (50%) of the moneys
received by the Commissioners' Court from
the Treasurer of the State of Texas from
forest sales whbh is directed by Article
2351b-4 to be allocated to the school dis-
tricts in proportion to the area in said
districts?"

        Article 2351b-4, V.C.S., provides:

        "Whereas Congress has heretofore passed
a law which provides that thereafter twenty-
five per centum (25%) of all moneys received
during any fiscal year from each national
forest shall be paid at the end thereof by
the Secretary of the Treasury to the State
or Territory in which said forest is situated
to be expended as the State or Territorial
Legislature may prescribe for the benefit of
the public schools and the public roads of

the county or counties in which the national forest is situated, and whereas the Legislature of the State of Texas has not prescribed any method for prorating said funds, now, therefore, be it enacted that the Commissioners Court of the counties in Texas in which such national forests are situated are hereby authorized to prorate all such funds received and to be received from the Federal Government for timber and all other income derived from such lands as follows:

"Fifty per cent (50%) of such money received shall be allocated to the school district in proportion to the area in said districts, and fifty per cent (50%) of same to the county for the benefit of the public roads in said county. Provided the Commissioners Court may transfer the fifty per cent (50%) received by said Court to the school districts."

Article 3941, V.C.S., provides:

"The county treasurer shall receive commissions on the moneys received and paid out by him, said commissions to be fixed by order of the commissioners court as follows: For receiving all moneys, other than school funds, for the county, not exceeding two and one-half per cent, and not exceeding two and one-half per cent for paying out the same; provided that he shall receive no commissions for receiving money from his predecessor nor for paying over money to his successor in office." (Emphasis ours.)

Article 3942, V.C.S., provides:

"The treasurers of the several counties shall be treasurers of the available public free school fund and also of the permanent county school fund for their respective counties. The treasurers of the several counties shall be allowed for receiving and

disbursing the school funds one-half of one
per cent for receiving, and one-half of one
per cent for disbursing, said commissions to
be paid out of the available school funds of
the county; provided, no commissions shall be
paid for receiving the balance transmitted
to him by his predecessor, or for turning
over the balance in his hands to his suc-
cessor; and provided, that he shall receive
no commissions on money transferred."

Section 500 of Title 16, U.S.C.A., provides
that national forest receipts payable thereunder may be
expended as the state legislature prescribes. The
legislature through the enactment of Article 2351b-4
provided that money received shall be used for the
benefit of the public schools and public roads of the
counties. Att'y Gen. Op. V-93 (1947).

National forest receipts become neither a part
of the permanent county school fund or the county avail-
able public school fund. Article 7, Section VI, Tex.
Const. Therefore, Article 3942 has no application to
your request.

It was held in Attorney General's Opinion
0-1058 (1939) that the county treasurer was entitled to
receive the commissions provided in Article 3941 on
moneys received by the treasurer from the federal govern-
ment in connection with a P.W.A. job of constructing a
county jail since "the County Treasurer is entitled to
receive as commission . . . on all moneys other than
school funds." However, 50% of the money received from
the federal government in the instant case became
county moneys to be used for the benefit of public
roads. The remainder is held in trust by the County
Treasurer for the use and benefit of the public schools
which cannot be diverted. Article 3941 specially ex-
cepts from its provisions school funds and it is there-
fore our opinion that it has no application to that
portion of the money received from the federal govern-
ment to be used for the benefit of the public schools
of the county.

The county officials of Sabine County are
compensated on a salary basis. Therefore, Section 3 of
Article 3912e, Vernon's Civil Statutes, is applicable
to that portion of the money to be used by the benefit

of public roads. Section 3 of Article 3912e provides in part:

> "In all cases where the Commissioners' Court shall have determined that county officers or precinct officers in such county shall be compensated for their services by the payment of an annual salary, neither the State of Texas nor any county shall be charged with or pay to any of the officers so compensated, any fee or commission for the performance of any or all of the duties of their offices but such officers shall receive said salary in lieu of all other fees, commissions or compensation which they would otherwise be authorized to retain;
> . . ."

In view of this statute, the County Treasurer of Sabine County cannot charge the county with any fee or commission. Consequently, commissions on monies received or disbursed are not drawn by the treasurer and then transferred or deposited to the Officers' Salary Fund. You are therefore advised that the County Treasurer cannot receive any commission on the money received from the national forest receipts.

SUMMARY

A county treasurer, whether compensated on a salary basis or on a fee basis, is not entitled to receive any fee or commission on the 50 per cent of national forest receipts allocated by Article 2351d-4, V.C.S., to the school districts of the county.

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

PRICE DANIEL
Attorney General

By John Reeves
John Reeves
Assistant

JR:am